UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL JAMES, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:16-cv-00416-NT |
| | ) |
| ERIC BUENO, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON
MOTION FOR TEMPORARY RESTRAINING ORDER**

In this action, Plaintiff Michael James, an inmate at the Maine State Prison, alleges Defendants deprived him of certain federal rights when they placed him in solitary confinement based on false accusations. (Complaint at 3, ¶ IV.) He asserts the confinement has included the application of excessive force, and that he has suffered severe mental pain and experienced medical treatment issues. (*Id*.)

Plaintiff also filed a motion for injunctive relief. (Plaintiff's Motion for a Temporary Restraining Order, ECF No. 20; Memorandum of Law, ECF No. 20-1.) Through his motion and supporting declaration,[1] Plaintiff asks the Court (1) to order Defendants to provide him with a classification and prison assignment that is not punitive in nature, provide more liberty out of his cell, and provide "proper medical care," and (2) to prohibit Defendants from having any contact with Plaintiff while his lawsuit is pending. (ECF No. 20 at 2 – 3.)

After review of Plaintiff's filings, I recommend that the Court deny Plaintiff's request for immediate injunctive relief.

---

[1] Plaintiff's motion is in the form of a draft order to show cause, which order would require Defendants to show cause why injunctive relief should not be provided.

**Background**

In his complaint, Plaintiff alleges, *inter alia*, that he has been "maced" over 100 times, which has greatly exacerbated his asthma; that he has been "taken off all [his] medication for [his] mental health and emotional issue;" that in his distress, he has hit his head against the wall; and that he has a long history of mental illness. (Complaint at 4, 6.) Plaintiff has on three occasions supplemented his complaint, which filings have included grievance forms (ECF No. 13), responses to some grievances (ECF No. 14), and a letter to the court (ECF No. 11) in which he asserts the treatment he presently receives is influenced in part by his decision to file suit.

Plaintiff's history of incarceration has been discussed at some length by the Maine Supreme Judicial Court (the "Law Court"). In *James v. State*, the Law Court provided the following relevant background information:

> [¶ 2] On May 21, 2004, while serving a twelve-year sentence at the Maine State Prison, Michael James was convicted of one count of witness tampering and eleven counts of assault on an officer. The court (*Brodrick, A.R.J.*) sentenced James to three years, to be served consecutively to his twelve-year sentence. Pursuant to 17–A M.R.S.A. § 1256 (Supp. 2004)[ ] [subsequently amended], James's twelve-year sentence was interrupted so that he could serve this three-year sentence first.
>
> [¶ 3] While serving this three-year prison sentence, James was charged with ten more counts of assault on an officer. On June 27, 2006, a Knox County jury found James not criminally responsible by reason of mental disease or defect on these counts, and the Superior Court (*Marden, J.*) ordered him committed to DHHS custody "to be placed in an appropriate institution for the mentally ill ... for care and treatment" pursuant to 15 M.R.S. § 103 (2007). The order did not state whether James was to be committed to DHHS custody before or after serving the remainder of his prison sentence.
>
> [¶ 4] The Attorney General's office reviewed the conflicting orders relating to James's custody and opined that James should remain in DOC custody until his term of imprisonment is complete, after which he would be taken into DHHS custody for placement in a psychiatric institution. The Attorney General's office shared this opinion with the court, noting that the prison would retain the option of initiating an emergency involuntary admission should James's illness or behavior warrant treatment during his incarceration.

> [¶ 5] James, who was then still housed in the Maine State Prison, filed a petition for a writ of habeas corpus in the Superior Court, dated September 15, 2006, naming the Commissioners of DOC and DHHS as respondents. James argued that deferral of his placement in the custody of DHHS was not warranted pursuant to the court's order or the applicable statute, that the Maine State Prison was not an appropriate institution to care for the mentally ill, and that DOC and DHHS were failing to implement the court's June 27, 2006, order. The respondents moved for dismissal of the petition.
>
> [¶ 6] On January 5, 2007, following a hearing, the court denied James's petition for a writ of habeas corpus, holding that the writ of habeas corpus has been replaced by the statute providing for post-conviction review, 15 M.R.S. §§ 2122, 2124, and that James could challenge the legality of his detention by DOC only by way of a post-conviction proceeding. The court ordered that James's petition be treated as a petition for post-conviction review and gave James leave to amend the petition in order to cause it to conform to the statutory requirements and M. R. Crim. P. 67.
>
> [¶ 7] James amended his petition, naming the State as the respondent. In preparation for the post-conviction hearing, the parties stipulated that the Maine State Prison is not "an appropriate institution for the mentally ill ... for care and treatment" under 15 M.R.S. § 103.
>
> [¶ 8] The court entered a judgment on July 25, 2007, ordering James committed immediately to DHHS custody for placement in a psychiatric hospital, and holding that his pre-existing prison sentence will be tolled until James receives an order of release or discharge from the custody of DHHS pursuant to 15 M.R.S. § 104–A (2007), at which time he is to be delivered back to DOC custody.[ ]

*James v. State*, 2008 ME 122, ¶¶ 2 – 8, 953 A.2d 1152, 1153–55 (footnotes omitted at bracketed locations).

In the case, the Law Court held that it was appropriate for the Superior Court to order the State to deliver Plaintiff to the custody of DHHS and to suspend Plaintiff's sentence of incarceration with the Department of Corrections while Plaintiff was "a member of the exceptional class for whom a reasonable and humane response is commitment to a hospital for treatment." *Id.* ¶ 21, 953 A.2d at 1158 (abrogated by statute, P.L. 2007, ch. 475, § 3 (currently codified at 15 M.R.S. § 103-A)). The Law Court reasoned that "[t]he court presiding over the trial that results in a determination that the defendant is not criminally responsible is best able to judge whether

3

hospital confinement is immediately necessary, or whether continued confinement by DOC until the defendant's sentence is discharged would serve the needs of the defendant and of the public. *Id.* ¶ 22. The Law Court concluded:

> Pursuant to the terms of 15 M.R.S. § 104–A, James may be returned to DOC custody when it is determined that he does not present a danger to himself or others because of a mental disease or defect. As soon as a staff psychiatrist believes that James could be "released or discharged without likelihood that [he] will cause injury to [himself] or to others due to mental disease or mental defect," a report to that effect must be sent to the Commissioner of DHHS, and the Commissioner is required to forward that report to the Superior Court. 15 M.R.S. § 104–A(3). The court must then hold a civil hearing to determine James's readiness for discharge. *Id.* § 104–A(1). James himself may also petition the court for release under this section. *Id.* § 104–A(3). We emphasize that the decision to be made by the psychiatrist and the court pursuant to section 104–A is whether James presents a danger *because of his mental illness or defect.* Even without the complication of mental illness, James may present a danger to others, but if any such continuing dangerous behavior is not due to mental illness, or if his mental illness is not amenable to treatment, then there may be no reason for James's continuing commitment.

*Id.* ¶ 24, 953 A.2d at 1159.

Plaintiff was still committed to the care and custody of DHHS as of the Law Court's January 17, 2008, oral argument. *Id.* ¶ 26. The record in this case does not reflect precisely when Plaintiff returned to the Maine State Prison. Plaintiff, however, represents in his letter (ECF No. 11) that he spent "from 2007 to 2014 in Riverview Hospital," that none of the time counted toward his sentence, and that it was illegal not to count the time toward his sentence. (ECF No. 11 at 1.)[2]

---

[2] In *James v. State*, the Law Court explained that because Plaintiff was committed to DHHS custody pursuant to 15 M.R.S. § 103, his sentence was tolled because such a commitment "is not deemed to be a punishment." 2008 ME 122, ¶ 25, 953 A.2d at 1159.

**Discussion**[3]

To obtain emergency injunctive relief on his viable civil rights claims, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[4] and (4) a fit (or lack of friction) between the injunction and the public interest."[5] *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Through his submissions, Plaintiff evidently requests both a temporary restraining order and a preliminary injunction. Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015). A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)). By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage

---

[3] Plaintiff's contention that his continued confinement is not lawful is not the proper subject of a civil rights claim under § 1983 unless and until Plaintiff's confinement is terminated on direct review, expunged by executive order, declared invalid by an authorized state tribunal, or called into question in a federal court's writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486 – 87 (1994); *see also Edwards v. Balisok,* 529 U.S. 641, 647 – 48 (1997). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release ...." *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488 – 90 (1973)). Accordingly, to the extent Plaintiff's pleadings and motion can be interpreted to request release, such relief is not available in this action and I will not address the issue further in the assessment of Plaintiff's request for immediate injunctive relief.

[4] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

[5] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

Regardless of whether notice is provided, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). *See also* 18 U.S.C. § 3626(a)(1)(A) (requiring that prospective injunctive relief "extend no further than necessary" and afford only "the least intrusive means necessary to correct the violation," and that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief").

For the Court to consider the merit of Plaintiff's request for a temporary restraining order, Plaintiff first must demonstrate that he would suffer an irreparable loss if Defendants were notified of his request and provided the opportunity to respond to the motion. Plaintiff has failed to provide any record evidence that would support such a conclusion.

In addition, Plaintiff has failed to establish through record evidence that he is likely to prevail on the claim asserted in the complaint, which Plaintiff must do to obtain injunctive relief at this stage of the proceedings. *Verizon New England, Inc. v. Maine Pub. Utilities Comm'n*, 403 F. Supp. 2d 96, 102 (D. Me. 2005). Plaintiff has not only failed to present credible evidence to support his claim, but his history of assaultive behavior as outlined by the Maine Law Court raises legitimate questions about Plaintiff's allegations regarding the circumstances of his confinement. Plaintiff's history also suggests the balance between an injunction and the public interest militates

against an injunction particularly given that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers*, 676 F.2d at 1214. In short, on this record, Plaintiff is not entitled to the immediate injunctive relief he seeks.[6]

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 20).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of September, 2016.

---

[6] Because the elements that Plaintiff must satisfy to obtain a preliminary injunction are similar to the elements necessary to secure a temporary restraining order, the analysis is equally applicable to both requests. *Newton v. LePage*, 789 F. Supp. 2d 172, 178 (D. Me. 2011).