UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL J. JAMES, | ) |
|       Plaintiff | ) |
| v. | )   1:16-cv-00416-NT |
| ERIC BUENO, et al., | ) |
|       Defendants | ) |

**ORDER ON PLAINTIFF'S MOTION TO AMEND;
RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

In this action, Plaintiff Michael James, an inmate at the Maine State Prison, alleges Defendants deprived him of certain federal rights when they placed him in solitary confinement based on false accusations. (Complaint at 3, ¶ IV.) He asserts the confinement included the use of excessive force. (*Id.*)

The matter is before the Court on Plaintiff's request for default judgment against Defendant Joy Hall (ECF No. 31) and Plaintiff's motion to amend (ECF No. 29) through which he requests leave to join two additional defendants.

After review of the motions, I grant in part the motion to amend, and recommend the Court deny the motion for default judgment.

**A.   Motion for Default Judgment**

Plaintiff filed this action on August 15, 2016. The U.S. Marshal served Defendant Hall on September 21, 2016. (Process Receipt and Return, ECF No. 28.) Pursuant to Federal Rule of Civil Procedure 12(a), Defendant Hall was required to file a responsive pleading to the complaint within 21 days of service. On October 12, 2016, Defendant Hall filed a motion to dismiss, which

1

constitutes a responsive pleading to the complaint. Fed. R. Civ. P. 12(b). Defendant Hall thus filed a response to Plaintiff's complaint in accordance with the applicable rules of procedure. Accordingly, Plaintiff is not entitled to the entry of default judgment.

**B.    Motion to Amend**

In support of his motion to amend, Plaintiff asserts he can now identify two additional defendants, Samantha Kieltyka and Stephen Pease, whose names were not known to him when he filed his complaint. Particularly in initial stages of a case, leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2). Nevertheless, leave to amend is properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

To determine whether Plaintiff has stated a claim against the proposed defendants, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To state a claim, Plaintiff must establish that his allegations raise a plausible basis for a factfinder to conclude that the proposed defendant is legally responsible for the alleged claims. *Id.*

### 1. *Samantha Kieltyka*

Plaintiff attempts to assert a claim against Samantha Kieltyka, a registered nurse employed at the Maine State Prison by Correct Care Solutions.  Plaintiff, however, has not alleged any facts regarding Ms. Kieltyka's conduct.  Plaintiff thus has failed to assert any facts from which a factfinder could plausibly conclude Ms. Kieltyka violated Plaintiff's constitutional rights.  The requested amendment to join Ms. Kieltyka as a party, therefore, would be futile.

### 2. *Stephen Pease*

Plaintiff seeks to assert a claim against Stephen Pease, a corrections officer who works in the Intensive Mental Health Unit of the Maine State Prison.  Plaintiff alleges that on September 19, 2016, through the use of excessive force, Mr. Pease fractured Plaintiff's wrist. (Motion at 1 – 2.)  Plaintiff's allegations against Mr. Pease are sufficient, at this stage of the proceedings, to support a claim.  Plaintiff's request to join Stephen Pease as a party is granted.

## Conclusion

Based on the foregoing analysis, Plaintiff's Motion to Amend (ECF No. 29) is granted in part to permit Plaintiff to join Stephen Pease as a party.  The allegations in the motion set forth against Mr. Pease shall be incorporated into the complaint.  Service of the amended complaint upon Mr. Pease is authorized.  The request to join Samantha Kieltyka as a party is denied.  In addition, I recommend the Court deny Plaintiff's Motion for Default Judgment against Defendant Hall (ECF No. 31).

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72.   With respect to the order on non-dispositive matters (order on the motion to amend), a party may serve and file objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of October, 2016.