UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL J. JAMES, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:16-cv-00416-NT |
| | ) |
| ERIC BUENO, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON DEFENDANT HALL'S MOTION TO DISMISS**

In this action, Plaintiff Michael James, an inmate at the Maine State Prison, alleges Defendants deprived him of certain federal rights when they placed him in solitary confinement based on false accusations. (Complaint at 3, ¶ IV.) He asserts the confinement included the use of excessive force. (*Id*.)

The matter is before the Court on Defendant Debra Joy Hall's motion to dismiss (ECF No. 32). Through the motion, Defendant contends dismissal is warranted because Plaintiff failed to exhaust the available administrative remedies before he commenced this action.

After review of the pleadings, I recommend the Court deny the motion to dismiss.

### BACKGROUND

In his complaint, Plaintiff joined four defendants, including Debra Joy Hall, LCSW. Plaintiff alleged that he "filed multiple grievances to all 3 members mentioned in this lawsuit" and that the defendants failed to comply with the grievance procedure. (Complaint at 2, ECF No. 1.) On September 2, 2016, Plaintiff filed multiple copies of grievance-related paperwork. (ECF Nos. 13 (providing copies of grievances), 14 (providing copies of responses)).

1

## DISCUSSION

Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, the Prison Litigation Reform Act provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (affirming dismissal of action without prejudice based on prisoner's failure to completely exhaust available process even though the relief he sought was unavailable in that process). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Because under the PLRA exhaustion is a precondition to filing suit, a plaintiff cannot proceed on a claim regarding prison conditions if the plaintiff initiates the lawsuit before the plaintiff has exhausted the available administrative remedies. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir. 1999); *see also Ruppert v. Aragon*, 448 Fed. App'x 862, 863 (10th Cir. 2012) ("Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency.")

"[F]ailure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. As an affirmative defense, failure to exhaust may be waived by a defendant who fails to establish

the defense. *Casanova v. Dubois*, 304 F.3d 75, 77 n.3 (1st Cir. 2002) (citing *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) ("Rather, the amended statute imposes a requirement [of exhaustion], rather like a statute of limitations, that may be subject to certain defenses such as waiver, estoppel, or equitable tolling.")).

Through her motion, Defendant Hall asks the Court to take judicial notice of the Department of Corrections' three-level grievance process. (Motion at 2.) Defendant Hall argues that although Plaintiff's grievances include some reference to her, her conduct is not the subject of all of the grievances. (*Id.* at 3.) Additionally, noting that the grievances include a level one grievance dated June 20, 2016 (PageID # 53), Defendant Hall argues the Court should conclude that Plaintiff could not have exhausted the three-level grievance procedure before filing his complaint on August 15, 2016. In further support of her exhaustion argument, Defendant Hall also observes that Plaintiff's grievance-related filings include a level two grievance (PageID # 48), and a level three grievance regarding other parties (PageID # 46, 77), that were pending after Plaintiff filed this action. (Motion at 3–5.)

Even if the Court took judicial notice of the Department's three-level grievance procedure, Defendant's request for dismissal fails. Plaintiff is not required to allege or otherwise demonstrate exhaustion of administrative remedies in his complaint. *Jones*, 549 U.S. at 216. Here, although some of the filings suggest Plaintiff might not have exhausted his administrative remedies regarding some claims and some defendants, the pleadings do not clearly establish that he failed to exhaust his administrative remedies. The pleadings in this case are in contrast to a recent case in which this Court granted a motion to dismiss based on the plaintiff's failure to exhaust the available administrative remedies. In the earlier case, the plaintiff's pleadings clearly and unequivocally established that the plaintiff had not yet exhausted the available administrative

remedies. *Gagnon v. Gosselin*, No. 1:16-cv-24-NT (ECF Nos. 22, 23), 2016 WL 4995024, at *3 (D. Me. Sept. 19, 2016), *report and recommendation adopted,* 2016 WL 6088271 (D. Me. Oct. 18, 2016) ("Ordinarily, resolution of an exhaustion defense would require a summary judgment record. In this case, however, Plaintiff's own words on a note signed on the same date as Plaintiff's complaint acknowledge that when he filed the complaint, he had not exhausted his administrative remedies regarding his claim against Defendant.")

In sum, because failure to exhaust is an affirmative defense, and because a plaintiff is not required to plead facts to establish exhaustion, a defendant usually cannot prevail on the defense based on the initial pleadings. In this case, Plaintiff's submissions do not plainly establish that he failed to exhaust the available administrative remedies.[1] Accordingly, Defendant Hall is not entitled to the dismissal of Plaintiff's complaint at this stage of the proceedings.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant Hall's motion to dismiss. (ECF No. 32.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of November, 2016.

---

[1] In his opposition to the motion to dismiss (ECF No. 39), Plaintiff asserted that he "has gone to all 3 levels in the grievance." (*Id.* at 1.)