UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL JAMES, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:16-cv-00416-NT |
| | ) |
| ERIC BUENO, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON
MOTION FOR IMMEDIATE RELIEF**

In this action, Plaintiff Michael James, an inmate at the Maine State Prison, alleges Defendants deprived him of certain federal rights when they placed him in solitary confinement based on false accusations. (Complaint at 3, ¶ IV.) He asserts the confinement has included the use of excessive force; that he has suffered severe mental pain; and that there have been issues regarding his medical treatment. (*Id.*)

The matter is before the Court on Plaintiff's Motion for Immediate Relief (ECF No. 63). In his motion, Plaintiff asserts the Department of Corrections plans to move him to an out of state facility; all Defendants have attempted to kill or harm him "to some degree"; the unit he is in[1] is insufficiently heated; he has water and light issues in his location; and he is willing to dismiss the lawsuit if he can be transferred to a different unit where he can receive help. (*Id.* at 1 – 3.)

After review of Plaintiff's filings, I recommend that the Court deny Plaintiff's request for immediate injunctive relief.

---

[1] According to Plaintiff, he is assigned to the intensive mental health unit (IMHU).

**Background**

The history that resulted in Plaintiff's current placement is provided in a prior recommended decision (ECF No. 26), and is not repeated here. In his complaint, Plaintiff alleges, inter alia, that he has been "maced" many times; that he did not receive his medication; that in his distress, he has hit his head against the wall; and that he has a long history of mental illness. (Complaint at 4, 6.) Plaintiff has on several occasions supplemented his complaint, which filings have included grievance forms (ECF Nos. 13, 40, 41), responses to some grievances (ECF No. 14, 40), a letter to the court in which he asserts the treatment he presently receives is influenced in part by his decision to file suit (ECF No. 11), an amended pleading joining an additional defendant (ECF No. 29), and a supplement describing his history in Riverview Psychiatric Hospital and an alleged use of force against him on September 19, 2016, which force allegedly resulted in a fractured wrist. (ECF No. 27.) [2]

**Discussion**

Through his motion, Plaintiff asks the Court to direct the Department of Corrections to take certain action regarding the conditions of his confinement. Plaintiff's motion can fairly be construed as a request to intervene in the administration of the Maine State Prison.[3]

---

[2] As to his alleged wrist injury, Plaintiff states that an Officer Pease kicked his tray slot, causing it to snap back and fracture Plaintiff's wrist. Defendants allegedly denied Plaintiff access to a doctor or a criminal investigator following the incident. (ECF No. 27 at 2.) Plaintiff asserts he is unsure whether to file a new action because he is afraid of reprisal. (*Id.* at 3.)

[3] As previously explained to Plaintiff, to the extent Plaintiff contends that his continued incarceration in the custody of the Department of Corrections is not lawful, that contention is not the proper subject of a civil rights claim under § 1983 unless and until Plaintiff's confinement is terminated on direct review, expunged by executive order, declared invalid by an authorized state tribunal, or called into question in a federal court's writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486 – 87 (1994); *see also Edwards v. Balisok,* 529 U.S. 641, 647 – 48 (1997). Thus, to the extent Plaintiff seeks to have his confinement invalidated by this Court, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release ...." *Heck,* 512 U.S. at 481 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 488 – 90 (1973)).

To obtain emergency injunctive relief on his civil rights claims, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[4] and (4) a fit (or lack of friction) between the injunction and the public interest."[5] *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Through his submissions, Plaintiff arguably requests both a temporary restraining order and a preliminary injunction. Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015). A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)). By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

Regardless of whether notice is provided, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Holiday Inns of Am., Inc. v. B*

---

[4] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

[5] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

*& B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). *See also* 18 U.S.C. § 3626(a)(1)(A) (requiring that prospective injunctive relief "extend no further than necessary" and afford only "the least intrusive means necessary to correct the violation," and that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief").

Plaintiff has failed to establish through record evidence that he is likely to prevail on the claims asserted in the complaint, which Plaintiff must do to obtain injunctive relief at this stage of the proceedings. *Verizon New England, Inc. v. Maine Pub. Utilities Comm'n*, 403 F. Supp. 2d 96, 102 (D. Me. 2005). Particularly without any record evidence, the balance between an injunction and the public interest militates against an injunction particularly given that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers*, 676 F.2d at 1214. Simply stated, on this record, Plaintiff is not entitled to the immediate injunctive relief he seeks.[6]

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motion for Immediate Relief (ECF No. 63).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[6] Because the elements that Plaintiff must satisfy to obtain a preliminary injunction are similar to the elements necessary to secure a temporary restraining order, the analysis is the same however Plaintiff's motion is characterized. *Newton v. LePage*, 789 F. Supp. 2d 172, 178 (D. Me. 2011).

    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                                  /s/ John C. Nivison
                                                  U.S. Magistrate Judge

Dated this 12th day of December, 2016.